Sotero León, Appellant, v. The Industrial Commission of Puerto Rico, Etc., Respondent; Ramón Montaner, Manager of the State Insurance Fund, and Juan González Ortiz, injured workman.

No. 222. Argued May 19, 1941.—Decided June 19, 1941.

*M. Guzmán Texidor* for petitioner.   *Víctor J. Vidal González,* Counsel for the State Insurance Fund, for the Manager of the Fund. *José Soto Rivera* for the workman.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Sotero León, an uninsured employer, appealed to this Court seeking the review and annulment of an order of the Industrial Commission issued on February 10, 1941, whereby the Manager of the State Insurance Fund was requested to levy an attachment on his property to sufficiently secure payment of the compensation granted to the workman Juan González, which was assessed at one thousand four hundred and eighty dollars.

The appellant alleged that González Ortiz, claiming to have suffered a labor accident on March 11, 1940, while driving a bus of the petitioner that collided with a truck, alleged to have suffered severe bruises in his left arm; that the workman, pleading under Section 15 of the Workmen's Compensation Act of 1935, (1) page 250, filed the corresponding petition for compensation before the Industrial Commission; and that a hearing being set before the Commissioners León Parra and Herrero, the workman and the employer appeared and argued their case; and that the commissioners issued the order whose review is sought.

The appellant holds that the review lies because the order is contrary to law: 1, because the commissioners acted without jurisdiction; 2, because they erred in refusing to allow Julio Torres, Insular Policeman, to testify; 3, because they acted contrary to law, hindering the free expression of witnesses; 4, because they failed to decide the question of the

rehabilitation of the workman set out and proved by the employer; and, 5, because the compensation granted does not conform to the law.

The writ was issued and the original record was brought to this Court. The hearing was held on May 19, 1941, and only the workman, by his counsel, appeared. The appellant employer had previously filed a brief to uphold his petition.

■ The averred lack of jurisdiction consists in that the order of the commissioners who heard the case was not approved by the commission. The appellant relies on our decision in *Santini* v. *Industrial Commission,* 57 P.R.R. 401, in the sense that it holds that a *quorum* may try the case but must later submit its decision to the approval of the commission as a whole.

Appellant's contention is not well grounded. What this Court held, taken from the syllabus, was:

"The cases of insured employers may be heard indistinctly, at the discretion of the Industrial Commission, by the latter or by a commissioner. Those of uninsured employers must be heard exclusively by the commission as such, constituted by its three members or a *quorum.*"

■ Did the commission violate the law in not allowing Policeman Torres to testify? We shall see.

The case was called for trial on September 25, 1940. The petitioning workman and the employer were present with their attorneys Soto and Guzmán, respectively. Both parties brought their witnesses. Of the eight witnesses brought by the employer, seven testified, and it was stipulated that the eighth would have testified as the last two. Then his attorney said: "We have finished."

The question of the expert's examination was then raised and after some argument the following took place:

"Attorney Guzmán: By leave of the Commissioner Mr. Herrero, I am going to request Your Honor to continue the admission of the

doctor's report in this case until we . . . until some other day the Commission may set, so that our doctor may be present and confront the commission's doctor.

"Attorney Soto: There is no objection.

"Mr. Herrero: Then the hearing is continued until a further date to be set, when the doctor that the employer's counsel may bring, and the Medical Advisor of the Industrial Commission will be present, to determine the degree of incapacity that the workman Juan González may have."

The case was again called on October 3, 1940, and the workman and employer were again present with their attorneys. The employer moved to be allowed to present Policeman Torres as a witness and the commission stated that although the case had been left open only for the expert testimony, it would grant the motion in the exercise of its discretion. The workman moved for the reconsideration of the ruling charging it was prejudicial to him. An extensive argument ensued and finally the commission reversed its ruling and denied the motion with the corresponding exception by the employer.

As it may be seen, the matter is a discretionary one, and though we are inclined to believe that the commission would have acted better by upholding its ruling and in consequence hearing the witness, we do not believe that such an abuse of discretion exists that may justify the annulment of the final order appealed from. The question propounded must be answered in the negative.

■ The third ground for seeking review is the coercion allegedly exercised by the commission over the employer's witnesses. We have examined the stenographer's transcript of the hearings, composed of 96 pages, and we see no trace of coercion. What may be noticed is the constant desire of the commission to carry on the proceedings, without delay from unnecessary or repeated questions, but without interfering with the free expression of the witnesses. There is no merit in the assignment of error.

■■■ The question of the rehabilitation or possible rehabilitation of the workman was implicitly decided by the commission when it adjudged the case as it did. It was not bound to believe the testimony of Dr. Vadi, the employer's expert witness, when he said that if the workman were submitted to the new operation he explained, he would get, if not completely well, at least much better; and could accept what was stated by its own expert witness Dr. Boneta, to wit, that it was impossible to reestablish control of the workman's hand.

Perhaps the advancement of science permits today or will permit in the future that the operation described by Dr. Vadi be successfully performed, but under the attendant circumstances, we do not believe that we can qualify the attitude taken by the commission, when presented with a conflict of two different expert testimonies, as manifestly erroneous or oppressive.

■■ The fifth and last assignment is that the compensation granted does not conform to the law.

The commission held:

" . . . As a consequence of the accident, González received a serious injury in the elbow of his left arm, which made necessary the excision of part of the bone of said arm at the elbow, the elbow also being excised, and as a consequence this workman is left with this forearm completely 'flabby' as if it were a rubber forearm which hangs from the upper arm by some nonrigid attachment; in consequence, this forearm moved at the impulse of its own weight, with no submission to its owner's will. It is unnecessary to add that his hand is completely useless, and its fingers can do no prehensile movements.

" *          *          *          *          *          *          *

"The state of incapacity of the workman, is included in the Table of Compensation for Labor Accidents under the classification 'loss of an arm at or over the elbow.' Juan González Ortiz earned a weekly wage of $9.60; in consequence, according to that provided by law in the above mentioned part, he must receive, according to law, the amount of $1,480 as compensation."

And to uphold the existence of the error, the appellant cites the following paragraph of Part 4 of Section 3 of the Workmen's Compensation Act, No. 45 of 1935, pages 250, 264:

"The total and permanent loss of industrial vision in both eyes; the loss of both feet at or above the ankle; the loss of both hands at or above the wrist; the loss of one hand and one foot, and such injuries as result in the total and permanent disability of the workman or employee to perform any kind of labor in remunerative occupations, shall be considered as total disability."

We believe that what the workman stated in his brief is a proper and sufficient answer, to wit:

"Such is not the case of the workman Juan González Ortiz. His incapacity is not of the kind to which the law refers as totally permanent, to which the aforesaid provisions are applicable. It is of the kind of partial permanent incapacities, as the Hon. Industrial Commission correctly held . . . .

"Paragraph 3 of Section 3 of the aforesaid Act, referring to the partial permanent incapacity, states as follows:

" '3. Permanent partial disability shall be considered to be the loss of *one foot or leg, one hand, one arm, one eye, one or more fingers or toes,* and any ankylosis, fracture, or dislocation where ligaments have been torn and where restoration is not complete. For permanent partial disability, as specified below, the injured workman or employee shall receive additional compensation consisting of fifty (50) per cent of wages which were received or, but for such accident, would have been received by him on the day of the accident, for the number of weeks specified in the following table; *Provided,* That in no case shall there be paid to the injured workman or employee more than ten (10) dollars, or less than one and one-half (1-½) dollars a week: *And provided, further,* That in no case shall a sum greater than two thousand (2,000) dollars be paid. (Italics supplied.)

" 'TABLE OF COMPENSATION. *Arms:* For the loss of an arm at or above the elbow . . . for 300 weeks.'

"If the workman earned $9.60 a week, one half of his wage is $4.80, and since he suffered the loss of his left arm above the elbow, as was found by the commission, and as the Act grants him compensation during 300 weeks, a simple arithmetical operation tells us

that the money equivalent is $1,440. The error exists, not as at law but as a mistake in the computation of the compensation, which must be lowered by $40 thus setting it at $1,440.''

The brief that the appellant has filed in this Court ends thus:

"Final ground: The accident suffered by the workman was due to the criminal act of a third party.

"We will only cite the statement of the workman himself as ıt appears from the record of this case—page 4: .

" 'Well, we came to San Juan down Caguas-Río Piedras highway, to get the newspaper, and on the road from Caguas to Río Piedras, we met a car, a truck. The truck—I put the dim lights on the bus because it was a new bus and had strong headlights, the truck ran into us and broke my arm.' "

The question set out in this ground was not raised before the commission. The employer, sustaining his theory during the trial, stated in the last brief he presented to the commission:

"The employer's theory in this case is that the accident is not compensable because at the time of the accident the workman was in a state of inebriety and said state was the cause of the accident."

In consequence, there are no grounds even to discuss the new issue raised.

According to the law we are precluded from entering into the appraisal of the witnesses' evidence as to the drunkenness of the workman at the time he was acting as chauffeur and the accident occurred; and since after studying the errors of law charged to seek the review we have held that they were not committed, the writ should be annulled and the record remanded to the commission. However, since the workman himself admits in his brief that there was a mistake of $40 in calculating the compensation, the order appealed from will be reviewed and the compensation set at $1,440. So modified, the order is affirmed.